## Carideo et al. v. Long

*Barber & Sennett* and *J. O. Hertzler* for plaintiffs. *Eaton & Eaton*, for defendants.

EVANS, J., November 10, 1944.—This matter is before the court on exceptions to an opinion of Miles B. Kitts, P. J. The exceptions are to several findings of fact and conclusions of law, and also for the reason that there is no decree nisi as required by Equity Rule 67.

The matter in controversy involves the right of defendants to maintain a garage and driveway in their present location which includes, according to survey, a few inches of land belonging to plaintiffs. The right to maintain said driveway and garage buildings as presently located is claimed by reason of adverse possession for a period in excess of 21 years.

Testimony was first taken on September 24, 1942, and no disposition was made of the case. On December 6, 1943, additional testimony was taken, and the adjudication excepted to was filed June 29, 1944. In his findings of fact the chancellor determined that plaintiffs are owners of the property involved in the litigation and that the evidence of defendants failed to disclose open and notorious possession for the period of 21 years. There was considerable testimony on the question as to whether or not there were fences and hedges marking the lines which defendants rely on for their claim of adverse possession, and we would hesitate to disturb the finding with respect thereto, not having had the witnesses before us. With respect to the location of the garage, however, there was positive testimony from the man who erected it and those who owned the property that the said garage was in its present location for a period of approximately 27 years—definitely in excess of 24 years. If this testimony is true, the right to maintain the garage in its present location has become vested by adverse possession. The only testimony disputing this was that of two

witnesses of the plaintiff, who could not remember the garage to have been erected for that length of time.

With this conclusion on the facts we could enter a final decree in accordance therewith had there been a decree nisi, but in the present state of the record we cannot do so. The chancellor who heard the case not being a part of the court in banc, we hesitate to enter any decree nisi because of the fact that we did not hear the testimony of the witnesses. We therefore feel that in the interest of justice the whole matter should be referred back for the further consideration of a chancellor and the entry of a decree nisi in accordance with his conclusions of fact and law.

And now, to wit, November 10, 1944, the findings of fact and the conclusions of law in the opinion filed June 29, 1944, are set aside and the record is referred back for further proceedings before a chancellor.

---

EVANS, J., November 10, 1944.—And now, to wit, November 10, 1944, this case having been referred back to a chancellor for further proceedings, and it appearing that there is a substantial dispute with regard to material facts which must be determined and that it will be in the interest of justice that these facts be determined by a jury, it is ordered, in pursuance of Equity Rule 61, that this matter shall be tried before a jury at the January 1945 term of civil court and that a verdict shall be sought and returned to determine the following question: Have defendants occupied any portion of plaintiffs' property, described as follows: A piece or parcel of ground known as 1122 West Fifth Street, Erie, Pennsylvania, situated on the north side of Fifth Street, having a frontage on Fifth Street of 33 feet and a uniform depth of 165 feet, said property being more fully described in Erie County Deed Book 265, at page 561, for such period of time as to give to the defendants the right of continued occupancy thereof?